# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                         **Case No. 12-CR-64**

**RYAN RAKETTI**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Ryan Raketti moves for early termination of his supervised release. For the reasons that follow, I will grant his motion.

**I.**

Defendant pleaded guilty to possession with intent to distribute 50 kilograms or more of marijuana, and on July 9, 2013, the court sentenced him to 60 months in prison followed by three years of supervised release. He completed the prison sentence and commenced supervision on February 9, 2018. He filed the instant motion for early termination on February 3, 2020. I ordered the government to respond and permitted defendant to reply.

**II.**

The district court may, after considering the pertinent factors under 18 U.S.C. § 3553(a), terminate supervision at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). The district court possesses wide discretion in deciding whether to grant early termination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere

compliance before granting early termination. E.g., United States v. Caldwell, No. 01-CR-193, 2018 U.S. Dist. LEXIS 91750, at *1 (E.D. Wis. June 1, 2018). They have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term. Id. at *1-2. The defendant bears the burden of demonstrating that early termination is warranted. Id. at *2.

### III.

In his motion, defendant indicates that he attempted to better himself while in BOP custody, participating in adult education classes and work detail outside the facility. Once released to a halfway house, he promptly secured employment, and was released to home confinement after less than one month. On release by the BOP, he secured employment at Blizzard Lighting, LLC, which he has held since then. He indicates that he has been recognized as employee of the month twice and recently received a promotion to a manager position. However, he indicates that he has been passed over for employment-related travel opportunities, since he requires permission from the probation officer to leave the district. (R. 141 at 1.) Defendant attaches to his motion letters from Blizzard, attesting to his professionalism, work ethic, positive attitude, and leadership ability. Defendant further indicates that he bought a home with his girlfriend of 10 years, and they recently had a child. Finally, defendant indicates that he has become a member of a park group, volunteering, cleaning, and supporting their efforts to improve the park, as well as a group that supports a local bog. Given his compliance and ability to maintain healthy relationships, achieve career goals, and contribute to society, he asks the court to grant early termination.

In its response, the government acknowledges that defendant appears to be compliant,

employed, and participating in the community. However, the court expects those on supervision to behave in a pro-social manner and reintegrate into the community. Since defendant is doing no more than is expected of him, the government contends that the motion should be denied. (R. 143 at 1.)

Defendant's conduct here appears to go above and beyond mere compliance. Defendant has not only maintained employment but advanced in his career, receiving a promotion and glowing letters from his employer. He has also done more than simply maintain stability in the community; he has purchased a home with his partner and started a family. Finally, he has completed volunteer work in the community, something not required by his conditions. See, e.g., United States v. Nelson, No. 09-CR-108, 2012 U.S. Dist. LEXIS 115459, at *8-9 (E.D. Wis. Aug. 16, 2012) (granting early termination where the defendant excelled in his employment and completed extra volunteer work). Termination would also facilitate work-related travel, furthering his employment. See United States v. Mays, No. 08-CR-172, 2016 U.S. Dist. LEXIS 170006, at *4 (E.D. Wis. Dec. 8, 2016). The government makes no argument—nor the record reveal any reason to believe—that termination would endanger the public. See 18 U.S.C. § 3553(a)(2)((C). Nor does defendant appear to have any ongoing correctional treatment needs requiring further supervision. See 18 U.S.C. § 3553(a)(2)(D).

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 141) is granted, and his supervised release is terminated effective immediately.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2020.

                                            s/ Lynn Adelman
                                            LYNN ADELMAN
                                            District Judge